IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NAPOLEON GRAY,<br><br>*Plaintiff*,<br><br>v.<br><br>THE STATE OF GEORGIA, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:18-cv-00410-TES |

### ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTION TO AMEND, AND DISMISSING AS FRIVOLOUS

Before the Court is Plaintiff Napoleon Gray's Motion for Leave to Proceed *in Forma Pauperis* [Doc. 7]. After reviewing Plaintiff's submission, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, **DENIES** Plaintiff's Motion to Amend [Doc. 4] as futile, **DISMISSES** Plaintiff's Complaint [Doc. 1] as frivolous, and **TERMINATES** Defendants Bleckley County Board of Commissioners, Houston County Board of Commissioners, and Pulaski County Board of Commissioners Motions to Dismiss Complaint [Doc. 3] **as moot**.

### BACKGROUND

Plaintiff Napoleon Gray filed this § 1983 claim against the State of Georgia, the Bibb County Board of Commissioners, the Houston County Board of Commissioners, the Pulaski County Board of Commissioners, the Bleckley County Board of Commissioners,

Metlife Auto & Life Insurance Company, Economy Fire and Casualty Company, Land Mark Finance, and Blitz Bar and Grill. *See* [Doc. 1, at p. 1]. Plaintiff then filed a Motion to Amend Complaint [Doc. 4] in which he sought to add Houston County and its jail, Pulaski County and its jail, Bleckley County and its Police Department and Sheriff's Office, City of Perry, Georgia, and its city councilmen, Bibb County and its Sheriff's Office, American Gallery, Mattresses for Less, Watson Used Cars, and Interstate Auto Sales. *See* [Doc. 4, at pp. 1–2]. Plaintiff did not include any new allegations in his Motion to Amend Complaint. *See generally* [Doc. 4].

Plaintiff's allegations cover numerous, unrelated interactions with private entities, law enforcement officers, and other government actors. Most of the allegations are largely incoherent ramblings. Taking Plaintiff's Complaint at the highest level of generality, he alleges that the State of Georgia, its municipalities, and various state law enforcement agencies are targeting him for reasons that are unclear. *See, e.g.*, [Doc. 1, at p. 9] ("[B]ut any way the gov knew what I were doing because several time they would inter fear (sic) with the sound or picture of video by making it fuzzy"). He also alleges that Land Mark Finance engaged in "racist" and "illegal actions" against him and that the owner of Blitz Bar and Grill "was [out] to get [him]". [*Id.* at pp. 10 & 11].

Plaintiff does allege multiple interactions with state officials which the Court briefly recounts. Plaintiff alleges that in March, 2018, he was at Land Mark Finance ("Land Mark") in Macon, Georgia, and that he and a Land Mark employee called the Bibb

2

County police following a dispute between Plaintiff and the employee. [*Id.* at p. 6]. Plaintiff maintains that the responding officer confiscated and read some of Plaintiff's documents before telling Plaintiff to leave the premises. [*Id.*]. On May 16, 2018, Plaintiff alleges that he was involved in an auto accident and that the responding officer erroneously stated that Plaintiff was at fault on the accident report. [*Id.* at p. 4].

Plaintiff's next allegation centers on some damage done to one of his vehicles. [Doc. 1, at pp. 7–8]. Plaintiff alleges that he called the Perry Police Department to investigate, that they responded, but their investigation was unsuccessful. [*Id.*]. Plaintiff states his belief that the Perry Police Department was responsible for the damage. [*Id.*].

Next, Plaintiff alleges that on July 15, 2018, he went to the Bleckley County Law Enforcement Center in Cochran, Georgia, to investigate an issue with his vehicle registration. [*Id.* at pp. 8–9]. While there, he alleges that the officers left him waiting for an extended period of time and attempted to intimidate him. [*Id.*].

Plaintiff next alleges that on August 3, 2018, he went to Houston County Magistrate Court "to file several complaint[s] against [his] wife." [Doc. 1, at p. 7]. The crux of Plaintiff's gripe with this encounter is that the Houston County police refused to issue a warrant to arrest his wife. [*Id.*].

Finally, Plaintiff alleges that on October 23, 2018, he went to the Pulaski County Court House in Hawkinsville, Georgia, where he was promptly arrested based on a bench warrant for failure to appear in court the day before. [*Id.* at p. 11–12]. However, Plaintiff

3

alleges that he was quickly released after the Sheriff intervened on his behalf by informing the judge that Plaintiff's address had changed. [*Id.*].

Following an order from the Court to pay the filing fee or file a motion for leave to proceed *in forma pauperis*, Plaintiff filed the instant motion. *See* [Doc. 5]. In the intervening time, several county Defendants filed a Motion to Dismiss. *See* [Doc. 3].

## DISCUSSION

### A. Motion for Leave to Proceed *in Forma Pauperis* [Doc. 7]

The Court grants Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Plaintiff indicates that he is incarcerated, receives social security benefits of $848 per month, and has no money in his checking or savings accounts. *See generally* [Doc. 7]. Plaintiff does not indicate his monthly expenses but, based on his incarceration, his expenses are likely minimal. Nevertheless, between Plaintiff's incarceration and his limited monthly income, the Court finds that Plaintiff lacks sufficient means to pay the filing fee and therefore grants his Motion for Leave to Proceed *in Forma Pauperis*.[1]

---

[1] Typically, when an inmate is unable to pay the filing fee, the Court allows him or her to proceed without prepayment of the fee but will order regular payments from the inmate's prison trust account to pay off the fee over time. When a non-prisoner is unable to pay the filing fee, the Court waives the fee altogether. Because Plaintiff filed this action prior to his incarceration, he is not required to make monthly payments from his prison trust account to cover the cost of filing this action. *Fourstar v. Hooks*, Case No. 5:16cv334/MP/CJK, 2016 WL 8809215, at *1 (N.D. Fla. Dec. 16, 2016) ("A litigant's status as a prisoner is determined at the time he files his suit.") (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 668 n.1 (7th Cir. 2012)).

B. **Frivolity Review**

Because the Court grants Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, it must review Plaintiff's Complaint to ensure that it states a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). After reviewing Plaintiff's Complaint, the Court finds that it fails to state a claim for a variety of reasons.

The Court begins with Plaintiff's allegations against the private party Defendants. It is well-established that only those acting "under the color of state law" are susceptible to liability under § 1983. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Plaintiff's claims against Metlife Auto & Life Insurance Company, Economy Fire and Casualty Company, Land Mark Finance, and Blitz Bar and Grill could not survive a motion to dismiss because Plaintiff does not allege that any of these entities were acting under the color of state law. Likewise, the Court finds, for the same reason, that it would be futile to allow Plaintiff to amend his Complaint to add American Gallery, Mattresses for Less, Watson Used Cars, and Interstate Auto Sales as defendants. Accordingly, the Court dismisses Plaintiff's claims as to those private entities that Plaintiff already joined as Defendants in this action and denies Plaintiff's Motion to Amend to the extent Plaintiff seeks to add additional private entities.

Plaintiff's claims against the government entities also fail. For starters, federal courts lack jurisdiction over cases in which a state is a defendant unless that state has consented to suit in a federal court. *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)

("The Eleventh Amendment protects a State from being sued in federal court without the State's consent."). The State of Georgia has not consented to suit in this case and must therefore be dismissed. Next, assuming without deciding that the various county commissioners can be sued, Plaintiff has alleged no wrongdoing on their part.[2] Indeed, Plaintiff does not even mention these parties in his Complaint except to identify them as defendants. Consequently, the Court dismisses the various county commissioners from this action. Likewise, Plaintiff's claims against Bibb County, Houston County, Pulaski County, and Bleckley County are unsupported by any allegations of wrongdoing. Plaintiff does not allege that the counties had a policy, custom, or practice that led to a violation of his rights which would subject them to municipal liability under *Monell v. Department of Social Services*. *See* 436 U.S. 658, 694 (1978). As for the City of Perry, Georgia, and its city councilmen, Plaintiff merely states that he believes that the Perry Police Department was responsible for damaging his vehicle. *See* [Doc. 1, at p. 8]. However, Plaintiff offers no factual support for his belief and it is therefore insufficient to state a claim.

Having eliminated the majority of the current and proposed Defendants on the narrowest grounds, the Court now turns to the remaining current and proposed

---

[2] In their Motion to Dismiss [Doc. 3], the county commissioners argued that they are not susceptible to suit as a matter of Georgia law. In an effort to avoid deciding this substantive question, the Court decides the issue based on the insufficiency of Plaintiff's allegations. Nothing in this order should be construed as deciding whether the county commissioners can be sued.

Defendants: the Bibb County Sheriff's Office, Houston County jail, Pulaski County jail, and the Bleckley County Police Department and Sheriff's Office.[3] Plaintiff does not allege that any of these entities engaged in conduct that violated his constitutional rights. Instead, Plaintiff alleges that individual officers engaged in conduct that he asserts violated his rights.[4] Thus, his Complaint appears to impute liability from these individual officers to the various entities that employ them. However, it is well-established that there is no vicarious liability under § 1983. *See Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Thus, Plaintiff's claims against the remaining Defendants fail.[5]

Finally, the Court notes that Plaintiff's entire Complaint is subject to dismissal for failure to comply with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Failure to comply with this requirement can result in dismissal. *See Jackson v. Bank*

---

[3] The proposed Defendants are those Defendants Plaintiff seeks to add through his Motion to Amend/Correct Complaint. The Court includes them in this part of its analysis to demonstrate the futility of allowing Plaintiff to amend his Complaint.

[4] It is extremely doubtful that any of Plaintiff's allegations rise to the level of a constitutional deprivation.

[5] Indeed, in the absence of allegations that the government entities were acting pursuant to an official policy or custom, all of Plaintiff's claims against the government entity Defendants fail.

*of America, N.A.*, 898 F.3d 1348, 1356 (holding that "incomprehensible" pleadings are subject to dismissal under Rule 8(a)). Plaintiff's Complaint is neither short nor plain but is instead a meandering recitation of incidents that required the Court to ferret out anything that could possibly approximate a claim. Complaints such as this one impose an unnecessary burden on the Court's limited resources and impair the administration of justice. The Court cautions Plaintiff against filing such a Complaint in the future or risk having that Complaint struck for failure to comply with Rule 8's requirements.

## **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, **DENIES** Plaintiff's Motion to Amend [Doc. 4] as futile, **DISMISSES** Plaintiff's Complaint [Doc. 1] as frivolous, and **TERMINATES** Defendants Bleckley County Board of Commissioners, Houston County Board of Commissioners, Pulaski County Board of Commissioners Motion to Dismiss Complaint [Doc. 3] **as moot**.

SO ORDERED this 22nd day of February, 2019.

                                                **S/ Tilman E. Self, III**
                                                **TILMAN E. SELF, III, JUDGE**
                                                **UNITED STATES DISTRICT COURT**